SPECTRIS INC., Respondent, v 1997 MILTON B. HOLLANDER FAMILY TRUST et al., Appellants. [31 NYS3d 469]—

Orders, Supreme Court, New York County (Eileen Bransten, J.), entered July 28, 2014, which, to the extent appealed from as limited by the briefs, denied defendants' motion to dismiss the first amended complaint, unanimously affirmed, with costs.

The motion court correctly concluded that a judgment in a prior action in Delaware between privies of the parties here does not bar plaintiff's action under the doctrine of res judicata. The res judicata effect of a judgment is determined by the law of the rendering jurisdiction (*see Bruno v Bruno*, 83 AD3d 165, 169 [1st Dept 2011], *lv denied* 18 NY3d 805 [2012]). Under Delaware law, a subsequent action is barred if, among other things, "the original court had jurisdiction over the subject matter and the parties," and "the original cause of action or the issues decided was the same as the case at bar" (*LaPoint v AmerisourceBergen Corp.*, 970 A2d 185, 192 [Del 2009]).

Here, the motion court correctly found that plaintiff's cause of action is not the same as in the prior action. In the prior action, plaintiff's privies asserted an affirmative defense of fraud,

based on the assertion that defendants had made misrepresentations as to undisclosed liabilities under a purchase agreement between plaintiff and defendants. Although the affirmative defense relied on the same provision of the purchase agreement that forms the basis for plaintiff's claim here, the court in Delaware expressly found that the purchase agreement was not relevant or controlling in the Delaware action, but that the action turned on the independent termination agreements among the parties in that action. Accordingly, the affirmative defense in the Delaware action and the issues decided in that action, although arising from the same operative facts, are not the same as plaintiff's claim and the issues raised in the action at bar (*see Villare v Beebe Med. Ctr., Inc.*, 2013 WL 2296312, *3-4, 2013 Del Super LEXIS 197, *11-15 [May 21, 2013, C.A. No. 08C-10-189 JRJ]; *Zutrau v Jansing*, 2013 WL 1092817, *3-4, 2013 Del Ch LEXIS 71, *9-10 [Mar. 18, 2013, C.A. No. 7457-VCP]).

Further, the Delaware court lacked jurisdiction to hear the instant claim, because the purchase agreement contains a mandatory choice of jurisdiction clause in favor of New York (*see Elf Atochem N. Am., Inc. v Jaffari*, 727 A2d 286, 288-289, 292 [Del 1999]).

The motion court correctly determined that plaintiff stated a viable breach of contract claim. Defendants are correct that the dispute over how inventory was accounted for must focus on the specific clauses in the contract dealing with inventory, rather than general representations that the financial statements comply with Generally Accepted Accounting Principles (GAAP) (*see Waldman v New Phone Dimensions*, 109 AD2d 702, 704 [1st Dept 1985], *appeal dismissed* 65 NY2d 784 [1985]). However, textual ambiguities as to the applicability of certain carveouts from GAAP treatment, and as to whether there were multiple GAAP-compliant methods of accounting for the inventory, preclude dismissal at the pleading stage.

Plaintiff's alleged knowledge of the accounting practices at issue does not effect a waiver of its claims for breach of warranty (*see CBS Inc. v Ziff-Davis Publ. Co.*, 75 NY2d 496, 503-504 [1990]). At most, there is an issue of fact as to whether plaintiff had agreed that the procedures in exhibit B of the purchase agreement limiting the applicability of GAAP were applicable to limit the general warranty of compliance with GAAP (*cf. Galli v Metz*, 973 F2d 145, 151 [2d Cir 1992] [matter remanded to determine whether breach of warranty claim was waived]). Concur—Acosta, J.P., Renwick, Manzanet-Daniels, Kapnick and Gesmer, JJ.